# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, ex rel. CRAIG WALKER,** | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 10 C 1959 |
| **JOSEPH YURKOVICH, Warden, Jacksonville Correctional Center** | ) ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

After a bench trial in which he elected to represent himself, petitioner Craig Walker (a.k.a. Sharif Abdu-Raheem) ("Walker") was convicted and sentenced to fifteen years in prison for residential burglary. Walker has brought a petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. For the following reasons, the petition is denied.

Walker's petition initially challenged his conviction on the grounds that: (1) the trial court violated his rights to counsel and to a fair trial by failing to advise him of the maximum penalty he faced when he elected to represent himself at trial; (2) the trial court violated his due process rights by allowing the state to introduce evidence of his involvement in a prior uncharged burglary; and (3) the trial court violated his rights to due process and to a fair trial by refusing to suppress evidence of an identification obtained from an unduly suggestive show-up. Walker

subsequently withdrew the second and third claims in his reply brief after respondent pointed out that they were not procedurally exhausted. *See, e.g.*, *U.S. ex rel. Jackson v. Page*, 972 F. Supp. 1140, 1150 n.10 (N.D. Ill. 1997) (habeas courts may permit petitioners to withdraw claims by abandoning them in a reply brief).

The only issue before me, therefore, is whether Walker's waiver of his right to counsel was ineffective due to the trial court's failure to inform him of his maximum potential sentence. When Walker first stated that he wished to proceed pro se, the court inquired into his education and background (he had represented himself in previous burglary prosecutions, had a college degree, and had taken paralegal courses), informed him of the consequences and dangers of self-representation, and told him in no uncertain terms -- and on multiple occasions -- that he felt Walker's decision was ill-considered. Nevertheless, Walker claims (and respondent does not deny) that he was never told that, due to his prior convictions for residential burglary, he was subject to a mandatory class x enhancement and accordingly faced a potential sentence of up to thirty years. Although he was ultimately sentenced only to fifteen years (and for previous burglary convictions, he had been sentenced to terms of nine years and twelve years), Ex. H at 00074, Walker insists that if he had been aware of the possibility of a thirty-year sentence, he would have

"re-considered" his "arbitrary decision" to waive counsel and represent himself. Reply at 7.

As an initial matter, Walker's claim is procedurally defaulted. "The procedural default doctrine precludes federal review of a state court's habeas decision when the state court's decision was based on adequate and independent state law, or when the federal issue was not fairly presented to the state courts and those courts would now hold the claim procedurally barred." *Ward v. Jenkins*, 613 F.3d 692, 696 (7th Cir. 2010). The appellate court disposed of Walker's claim on an adequate independent state ground -- namely, that Walker forfeited the argument by failing to assert it in his post-trial motions before the trial court. Appellate Court Order, Ex. A at 17.

Walker concedes that he failed to challenge the effectiveness of his waiver, and he acknowledges the appellate court's conclusion that the issue was forfeited. Nonetheless, he argues, the appellate court went on to address his claim on the merits, rejecting his contention that the trial court's failure to apprise him of the maximum possible sentence violated Illinois Supreme Court Rule 401. According to Walker, the court "relied on two different grounds and gave no clear and express indication if each was independant [sic] of the other." Reply at 2. The appellate court's decision, however, leaves no doubt that the forfeiture argument was independent of its discussion of the claim's merits.

The fact that the court articulated an additional basis for rejecting his argument does not render its initial procedural determination otiose. *See, e.g.*, *Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002) ("[W]hen a state court decides the merits and asserts a procedural bar, the federal court must respect both rulings.").[1]

Walker next argues that his procedural default should be excused. Procedural default may be excused where a "petitioner can show either cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). Walker claims that he meets the cause-and-prejudice standard because "he did not have the benefit of transcripts nor did the court suggest they be ordered for this purpose," Reply Br.

---

[1] In raising the waiver argument in the appellate court, Walker did not frame the issue as involving his rights under the U.S. Constitution. Instead, he argued only that the trial court had violated Illinois Supreme Court Rule 401. Rule 401(a) provides, inter alia, that a "court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first . . . informing him of and determining that he understands the . . . the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences." ILCS S. Ct. Rule 401(a)(2). In rejecting Walker's contention, the appellate court relied on Illinois law. This would seem to raise the question of whether the constitutional issue was ever fairly presented in the state court. Since respondent does not address this question, however, I leave it to one side.

at 2, and because he was never told that, even though he represented himself at trial, counsel could be appointed to represent him on appeal. If counsel had been appointed to assist him with his appeal, Walker claims, he would have timely challenged the effectiveness of his waiver in post-trial motions before the trial court.

These contentions are unconvincing, both factually and legally. First, there is no indication that Walker was prevented by any external obstacle from obtaining transcripts. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (noting that "cause" under the "cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him"). The record indicates that after he was sentenced, Walker filed a motion for transcripts; that the trial judge immediately granted the motion; and that he told Walker how to go about obtaining the documents. Ex. J at H-8. The record also indicates that the trial court offered Walker the option of having counsel appointed to assist him with his post-trial motions. After Walker filed his notice of appeal, the trial court specifically asked whether he wanted the court to appoint the state appellate defender to represent him. Walker unequivocally responded -- twice -- that he did not. Ex. J at H-7, H-8. Nor, in any event, is the unavailability of transcripts a sufficient basis for habeas relief. *See, e.g., Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002);

*Montgomery v. Meloy*, 90 F.3d 1200, 1203-04 (7th Cir. 1996) (noting that habeas petitioner did not need his trial transcripts merely to raise claims in his petition because he was "at his own trial: he heard the witnesses' testimony and the court's instructions to the jury, and therefore knew or should have known what transpired").

Since Walker is unable to establish cause for his procedural default, it is unnecessary to address the prejudice prong of the inquiry, and I am barred from addressing the merits of his petition. Nevertheless, it is worth noting that Walker's claim fails even on the merits. "Federal courts are not permitted to grant a writ of habeas corpus unless the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court,' or if the decision 'was based on an unreasonable determination of the facts in light of the evidence presented.'" *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010) (citations omitted). According to Walker, the appellate court's conclusion that he knowingly and voluntarily waived his right to counsel at trial is contrary to the Supreme Court's decision in *Von Moltke v. Gillies*, 332 U.S. 708 (1948). In particular, he relies on the Court's statement that, "[t]o be valid [a waiver of the right to counsel] must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in

mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Id.* at 724. Under *Von Moltke*, Walker argues, the trial court was required to inform him of the "range of allowable punishments" he faced, and its failure to do so renders the waiver of his right to counsel ineffective.

The language on which Walker relies does not represent "clearly established law." For one thing, *Von Moltke*'s precedential authority is limited by the fact that it is a plurality opinion. *See, e.g.*, Brian R. Means, Federal Habeas Manual § 3:34 (2010) (observing that "[s]ome courts have concluded that plurality opinions do not constitute clearly established Federal law, as determined by the Supreme Court of the United States"). The Seventh Circuit has specifically rejected the notion that *Von Moltke* announced a set of necessary conditions that all waivers of the right to counsel must satisfy. *See, e.g.*, *Spanbauer v. Burke*, 374 F.2d 67, 73 & n.4 (7th Cir. 1966) ("Federal courts, noting, expressly or indirectly, that *Von Moltke* established guidelines for federal district courts respecting waiver of counsel, have nonetheless viewed the question of waiver of counsel as ultimately an issue, irrespective of the trial court's fulfillment of its *Von Moltke* duties, of whether the accused knowingly and intelligently chose to waive counsel. The criterion is whether the waiver was knowing and voluntary."); *U.S. ex rel. Lamb v. Knop*, No. 99 C 4873, 2000 WL 1780345 (N.D. Ill. Nov. 2,

2000) (noting that *Von Moltke* "does not appear to have established a per se requirement that a state court must notify a criminal defendant of the maximum punishment before the defendant can validly waive counsel"). Indeed, although not cited by respondent, the Seventh Circuit has affirmed the validity of waivers in post-*Von Moltke* cases where petitioners were not informed of the maximum punishments they faced. *See, e.g.*, *Creighbaum v. Burke*, 398 F.2d 822, 823 (7th Cir. 1968); *Cox v. Burke*, 361 F.2d 183, 186 (7th Cir. 1966).

Walker's other authorities are not to the contrary. He points to the Court's statement in *Iowa v. Tovar,* 541 U.S. 77 (2004), that the "constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." *Id.* at 81. But to say that this information is sufficient to support a waiver's validity is not to say that the information is necessary. Indeed, *Tovar* went on to observe that it had not "prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel," and that "[t]he information a defendant must possess in order to make an intelligent election . . . will depend on a range of case-specific factors," *id.* at 88.

In short, while informing a defendant of the range of possible

penalties he faces is undoubtedly important, there is no clearly established law indicating that the right to counsel cannot be validly waived in the absence of such information.

For the reasons discussed above, Walker's petition for habeas corpus is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 5, 2010